IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

LISA A HOOKS,

    Plaintiff,
v.                                                           CASE NO. 4:06-cv-00426-MP-WCS

MICHAEL J ASTRUE,
JO ANNE B BARNHART,

    Defendants.
_____/

## **O R D E R**

This matter is before the Court on Doc. 16, Report and Recommendation of the Magistrate Judge, recommending that the Commissioner's decision to deny benefits to claimant be reversed and this matter remanded for further consideration. The time for filing objections has passed and none have been filed.

The claimant was tested by a consultative psychiatrist and found to have an I.Q. between 60 and 70. Additionally, claimant's phlebitis and asthma were physical impairments that imposed an additional, significant limitation to her performing her previous employment, being a greeter at Wal-Mart. Normally, such limitations, coupled with such an I.Q., would be considered disabling under Listing 12.05C, which requires a finding of disability when there is "[a] valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function."

The Administrative Law Judge, however, did not find disability due to claimant's own representations about her health, aptitude and work history. That is, claimant testified that she had not suffered from phlebitis and asthma for some time, but medical records showed more

recent treatments. Also, claimant reported that the only reason she could not work at Wal-mart was that she could not get there. This contradicted earlier testimony that she lost the job because of absences due to asthma and phlebitis.

The Court agrees that the Administrative Law Judge should not have rejected the expert opinions that indicated that claimant would fall within Listing 12.05C without expressly finding that the I.Q. test scores were in some way invalid. Accordingly, the Court agrees that remand is appropriate, so that the Commissioner can have Plaintiff tested and evaluated again by another expert and so that the Commissioner can make explicit findings as to whether the I.Q. test scores that result are valid in light of the other evidence. Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. The Report and Recommendation is adopted and incorporated herein.

2. The decision of the Commissioner, denying benefits, is reversed and this matter remanded for further proceedings consistent with this decision and the Report and Recommendation.

**DONE AND ORDERED** this _9th_ day of October, 2007

*s/Maurice M. Paul*
Maurice M. Paul, Senior District Judge